UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

GORDON F. GOULD,

Defendant.

Case No. 16-cr-77-pp

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE EXCLUSION OF TIME (DKT. NO. 12)**

The defendant made his initial appearance on August 11, 2016. Dkt. No. 3. The magistrate judge set a briefing schedule—pretrial motions were due by August 26, 2016, with responses due September 6 and replies due September 12, 2016. Id. The magistrate judge also scheduled a final pretrial conference for October 4, 2016. Id.

Fifty-four days passed with no activity in the case; the defendant did not file any pretrial motions. At the final pretrial conference on October 4, 2016, the court removed the trial date from the calendar, scheduled a status conference for November 30, 2016, and excluded from the Speedy Trial calculations the time between October 4 and November 30. Dkt. No. 11. The court did this because the parties represented that the government was planning to file a superseding indictment that could substantially change the parameters of the case. Id. Counsel for the defendant did not object to the court excluding the time, indicating that if the superseding indictment was as

1

broad as he anticipated it would be, he would need additional time to talk with his client and evaluate the defendant's options. Id. The court excluded the time pursuant to 18 U.S.C. §3161(h)(7)(B)(iv), finding that the interests of justice required the exclusion and that failure to do so would unreasonably deny the defendant the reasonable time necessary for effective preparation. Id.

The day before the November 30 status conference, counsel for the defendant filed this motion, asking the court to vacate its decision excluding time. Dkt. No. 12. Counsel argued that while the court may have had a reason to exclude the time at the October 4 hearing, "hindsight establishes that the period of excluded time represents impermissible delay." Id. at 1. Counsel argued that while the court had excluded the time to give the government time to obtain the superseding indictment, and to give counsel and his client time to consider it, the superseding indictment had not come to pass. Id. at 3. Counsel characterized the government's failure to obtain the superseding indictment as "inertia," and argued that in hindsight, it had not served the ends of justice for the court to exclude the time. Id. He asked the court to vacate its October 4, 2016 order excluding time, and to dismiss the case for violations of the Speedy Trial Act. Id.

At the November 30, 2016 status conference, the court heard argument from the parties. Dkt. No. 13. The prosecutor explained that days after the October 4, 2016 hearing, she'd come into possession of evidence indicating that the defendant's wife may have been involved in criminal activity. She told the court that she'd contacted counsel for the defendant and revealed the existence

2

of this information, because she believed that the knowledge that the government might investigate, or file charges against, his wife might impact the defendant's decisions on whether to accept a guilty plea to the charges in the original indictment. The prosecutor stated that she'd told counsel for the defendant that he could have some time to discuss this new information with his client, and that she would not go to the grand jury for a superseding indictment until she heard back from him.

At this point, it appears that communications broke down in some way—the prosecutor did not receive a response from counsel for the defendant, though she reached out to him more than once. It later turned out that counsel for the defendant *had* responded to the prosecutor via an e-mail, but that the prosecutor had not received that e-mail. It also turned out that counsel's response to the prosecutor had been something along the lines of, "If you expect the defendant to take responsibility for any conduct not charged in the original indictment, you'll need to charge him with that conduct, and the information about his wife does not change his position in that regard."

After the court heard from the parties as to the facts about why the government had yet to seek a superseding indictment, the court enquired of counsel for the defendant whether he had any case law supporting a court's ability to vacate a Speedy Trial exclusion after the fact. Counsel responded that he'd not found any such case law. The court offered the prosecutor an opportunity to respond in writing to the motion to strike; the prosecutor accepted.

3

The government now has responded in writing. Dkt. No. 16. It points to Seventh Circuit law which holds that, contrary to the defendant's argument, the Speedy Trial Act doesn't require a court to "revoke" the order excluding time in cases where "the reasons for which the continuance was granted turn[] out not to be the actual causes of the delay the continuance allows." Id. at 3, quoting United States v. Carlone, 666 F.2d 1112, 1115 (7th Cir. 1981). The district court makes the determination about whether the exclusion is appropriate at the time the government requests the exclusion—not in hindsight. See United States v. Marin, 7 F.3d 679, 684 (7th Cir. 1993) (quoting United States v. Vega, 860 F.2d 779, 787 (7th Cir. 1988). A district court may vacate the order excluding time as a sanction—for example, if the prosecutor obtained the order by misrepresentation. Carlone, 666 F.2d at 116. In such a case, if the defendant can show actual prejudice, the sanction may be appropriate. Id. Otherwise, the Act does not require the court to vacate a ruling because the reason for the exclusion did not come to pass.

The court stated at the November 30, 2016 hearing that it had no evidence before it that the government had done anything wrong in holding off on seeking the superseding indictment. The court found that the government had acted appropriately in giving the defendant the opportunity to consider new information before taking away any opportunity he might have to plead to the original indictment. The court opined, in fact, that it appeared as if the government had erred on the side of giving the defendant information it wasn't necessarily required to provide, so that the defendant could make an informed

4

choice. In response, the defendant was seeking to use the government's candor against it by requesting dismissal of the case. Whether as a result of this motion or not, the government since has obtained a superseding indictment, charging the defendant with seven counts of drug activity dating back to 2013. Dkt. No. 14.

There is no reason for the court to impose a sanction here. And there is no reason, legal or otherwise, for the court to vacate its October 4, 2016 order excluding time. There is no basis for the defendant's motion, and the court will deny it.

The court also notes that the time between November 29, 2016 and the date of this order is excluded under 18 U.S.C. §3161 (h)(1)(D), because of the pendency of this motion.

The court **DENIES** the defendant's motion to strike exclusion of time. Dkt. No. 12.

Dated in Milwaukee, Wisconsin this 13th day of December, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge