UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                             Case No. 16-CR-77

GORDON GOULD,

    Defendant.

ORDER ON DEFENDANT'S MOTIONS FOR BILL OF PARTICULARS, FOR IMMEDIATE DISLOSURE OF CONFIDENTIAL INFORMANT'S IDENTITY, AND FOR *SANTIAGO* PROFFER

        On December 6, 2016, a grand jury sitting in the Eastern District of Wisconsin returned a seven count superseding indictment against Gordon Gould. (Docket # 14.) Gould is charged in Count One with conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846 and 841(b)(1)(B). The conspiracy is alleged to have occurred between December 2008 and December 2012. Counts Two through Seven allege specific instances of distributing marijuana between August 29, 2013 and July 14, 2016. (*Id.*) Gould was arraigned on the charges and entered a plea of not guilty. Jury trial before the Honorable Pamela Pepper will be scheduled after resolution of pretrial motions.

        Currently before me are three pretrial motions. First, Gould has moved for a bill of particulars in relation to Count One of the superseding indictment. (Docket # 20.) Second, Gould has requested immediate disclosure of the identity of an informant the government intends to call as a witness at trial. (Docket # 21.) Third, Gould moves for a *Santiago* proffer. (Docket # 22.) The government opposes all three motions. The motions have been

fully briefed and are ready for resolution. For the reasons explained below, it is ordered that Gould's motion for a bill of particulars is denied. Further, it is ordered that Gould's motion for immediate disclosure of the identity of the informant witness is granted. Finally, I will defer ruling on Gould's motion for a *Santiago* proffer.

## ANALYSIS

*Motion for Bill of Particulars (Docket # 20)*

Gould moves for a bill of particulars in relation to Count One of the superseding indictment which reads as follows:

1. Beginning by at least December 2008, and continuing until on or about December 2012, in the State and Eastern District of Wisconsin and elsewhere,

   GORDON F. GOULD,
   a/k/a "Gordy," a/k/a "Sluggo,"

   knowingly and intentionally conspired with persons known and unknown to the grand jury, to possess with the intent to distribute and to distribute a mixture and substance containing a detectable amount of a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. The conspiracy attributable to the defendant as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him is a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and more than 100 kilograms of marijuana, a Schedule I controlled substance.

   All in violation of Title 21, Untied States Code, Sections 846 and 841(b)(1)(B).

(Docket # 14 at 1.)

Federal Rule of Criminal Procedure 7(f) authorizes the court to order the filing of a bill of particulars to fill in facts in the indictment so that the defendant can prepare an adequate defense. *See* Fed. R. Crim. P. 7(f); *United States v. Kendall*, 665 F.2d 126, 134 (7th

Cir. 1981). A bill of particulars is "a more specific expression of the activities the defendant is accused of having engaged in which are illegal." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir.1991). A bill of particulars is required only where the charges in the indictment are so general that they do not advise the defendant of the specific act of which he is accused. *See id.*

The test for determining whether a bill of particulars should be granted is similar to the test for determining the general sufficiency of the indictment, namely, "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003) (quoting *Kendall*, 665 F.2d at 134); *Canino*, 949 F.2d at 949. An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test. *Kendall*, 665 F.2d at 134. A bill of particulars is not required when a defendant can obtain the information necessary for his or her defense through "some other satisfactory form." *Fassnacht*, 332 F.3d at 447, n.2 (quoting *Canino,* 949 F.2d at 949). The Seventh Circuit has held that the government's "open file" policy is an adequate "satisfactory form" of information retrieval, making a bill of particulars unnecessary. *Canino*, 949 F.2d at 949.

In this case, Gould does not argue that Count One fails to track the statutory elements. It does. Rather, Gould argues that the way Count One is pleaded "allows a trial that is full of surprise" because "[i]n terms of people who are alleged conspirators and places where alleged conspiratorial acts occurred, the universe of relevant evidence is limitless: anyone and any place, over a four-year period." (Docket # 20 at 5.) Gould also argues that

3

the indictment's statement that the conspiracy occurred in this District "and elsewhere" creates double jeopardy concerns should a grand jury in another district choose to indict him for the same conspiracy. (*Id.* at 6.) Moreover, Gould argues that the government's use of its open file policy does not fill in the blanks in this case because Count One alleges a four year conspiracy and discovery reveals only an informant's "rear-view narrative, offered at the outset of his cooperation, about a course of marijuana dealings between the informant and Gould." (*Id.* at 7.) Gould argues that discovery does not claim any date and place-certain on which any alleged transactions occurred, involving any specific quantity of drugs for any particular price paid. (*Id.*)

Although I agree that the indictment in this case is unusual in that the substantive drug trafficking counts occurred outside of the timeframe of the alleged conspiracy, I disagree that the way Count One is pleaded and the nature of the discovery on Count One warrant a bill of particulars. As to the way the Count is pleaded, as already stated, it tracks the elements of the offense charged. In regards to discovery on Count One, while it does not contain the level of specificity Gould requests, it does provide sufficient information to "fill in the blanks" of the indictment. (Docket # 25-1.)

The discovery states that the CI met Gould while working as a boilermaker at a jobsite in Oak Creek, Wisconsin in approximately 2009. (*Id.* at 1.) It states that approximately two months into their relationship, the CI and Gould started conducting drug transactions with each other and that the CI obtained marijuana from Gould almost every weekend for approximately four years until the CI was arrested. (*Id.*) The discovery also states that the CI and Gould met at different locations to conduct drug transactions, but most often met in the parking lot of Best Buy, 8755 N. Port Washington Road, Fox Point,

Wisconsin. (*Id.*) The discovery states that the CI estimated meeting Gould at Best Buy approximately fifteen times. (*Id.*) The CI and Gould also met at Walmart, 40l E. Capitol Drive, Milwaukee, Wisconsin, as well as in the area of N. 39th Street and W. Fond du Lac Avenue in Milwaukee, WI. (*Id.*) The discovery states that Gould sold marijuana and cocaine to Gould's fellow boilermakers and typically sold one pound of marijuana for between $1,800 and $2,800. (*Id.*) This information covers the time period of the conspiracy alleged in the indictment, specific locations for events, frequency of transactions, types of drugs allegedly involved, and the typical amounts and costs of the transactions.

While Gould cannot be faulted for wanting more information, it is well established that a defendant is "not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *Kendall*, 665 F.2d at 135 (internal quotation and citation omitted). Nor does a defendant have a right to know the details of how the government will prove its case. *Id.* ("The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved."). Consequently, the indictment and discovery materials provide Gould with sufficient information to apprise him of the charges and enable him to prepare his defense at trial. For these reasons, the defendant's motion for a bill of particulars is denied.

*Motion to Compel Disclosure of Informant's Identity (Docket # 21)*

Gould moves for the immediate disclosure of the identity of the confidential informant who provided information to law enforcement in support of Count One of the superseding indictment. The government acknowledges that it intends to call the CI as a witness at trial and states that it will disclose the CI's identity, as well as other materials as

required by *United States v. Giglio*, 405 U.S. 150 (1972), two weeks prior to trial. (Gov.'t Resp. Br. at 5, Docket # 23.)

It is well-established that as a general rule, the government enjoys a limited privilege of withholding the identity of an informant. *See Roviaro v. United States*, 353 U.S. 53, 59-60 (1957); *United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993). This privilege encourages citizens to perform their obligation to communicate their knowledge of the commission of crimes to law enforcement officials by preserving the informant's anonymity. *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001). The government is granted this limited privilege as a right, and need not make a threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege. *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994).

Although automatic, the government's privilege is not absolute. "Where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60-61. The defendant bears the burden in the face of an assumption that the privilege should apply. *Valles*, 41 F.3d at 358. "The confidential informant privilege will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful." *Id.* (internal quotation and citation omitted).

Disclosure of a confidential informant's identity "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62. Factors to be considered are whether the informant is a transactional witness and whether the informant's testimony is relevant and could assist the

defendant. *Bender*, 5 F.3d at 270. "Informants who played major roles in the criminal occurrences will of course offer more significant testimony than those whose participation was peripheral; a showing that a potential defense may depend on the informant's involvement also weighs in favor of disclosure." *Valles*, 41 F.3d at 358.

In this case, the government concedes that the CI is a "transactional witness" and agrees to reveal the CI's identity two weeks prior to trial. (Gov't Resp. Br. at 5.) Thus, the only issue before me is whether disclosing the CI's identity two weeks prior to trial is sufficient. In this District, disclosing the identities of confidential informants 30 days before trial is common practice. *See United States v. Bond*, No. 10-CR-117, 2010 WL 6749142 (E.D. Wis. Dec. 6, 2010); *United States v. Mathis*, No. 09-CR-254, 2010 WL 1507881 (E.D. Wis. Apr. 14, 2010). However, in this case, I find that immediate disclosure of the CI's identity is appropriate. As the government states, it has already turned over recorded conversations between Gould and the informant and thus Gould is already aware of the informant's identity. (Gov't Resp. Br. at 6.) Thus, there is no proffered reason to continue "concealing" the identity of the CI. Rather, as Gould argues, the issue becomes the government's satisfaction of its discovery obligations under *Giglio*, which will not happen until the witness' identity is disclosed. (Def.'s Reply Br. at 4, Docket # 25.) Because it appears that the CI played a major role in the conspiracy alleged in Count One of the indictment and thus will offer significant testimony against Gould, the government's privilege must give way to provide Gould appropriate time to prepare his defense. Thus, the defendant's motion for immediate disclosure of the CI's identity is granted.

*Motion for Santiago Proffer (Docket # 22)*

Gould also requests an order requiring the government to file a *Santiago* proffer. *See United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978). Statements of co-conspirators are admissible if the government convinces the court, as a preliminary matter and by a preponderance of the evidence, that (1) a conspiracy existed; (2) that the defendant and declarant were members thereof; and (3) that the proffered statements were made during the course of and in furtherance of the conspiracy. *Id.* at 1134-35; *see also United States v. Cox*, 923 F.2d 519, 526 (7th Cir. 1994). In *Cox*, the court set forth several procedures a court could employ in making the admissibility determinations, such as requiring the government to file a proffer before trial; conducting a hearing on the matter; or in the absence of a pretrial proffer, the court may conditionally admit testimony subject to the government's eventual proof of the three foundational elements noted above. *See Cox*, 923 F.2d at 526.

It is long-standing practice in this District to conditionally admit statements of alleged co-conspirators subject to the government showing that the statements are admissible in accordance with the *Santiago* factors. *See, e.g.*, *United States v. Arms*, No. 14-CR-78, 2015 WL 3513991, *17 (E.D. Wis. June 3, 2015); *United States v. Avila-Rodriguez*, No. 10-CR-163, 2011 WL 13330770, *6 (E.D. Wis. Feb. 16, 2011) (collecting cases); *United States v. Mathis*, No. 09-CR-254, 2010 WL 1507881, *3 (E.D. Wis. Apr. 10, 2010) (same); *United States v. Kaffo*, No. 09-CR-256, 2009 WL 5197826, *2 (E.D. Wis. Dec. 22, 2009) (same). Judge Pepper may wish to discuss this motion and her procedures for resolving the same with counsel at the final pretrial conference. For this reason, I defer entirely to Judge Pepper on this issue.

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion for a bill of particulars (Docket # 20) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for immediate disclosure of the identity of an informant the government intends to call as a witness at trial (Docket # 21) is **GRANTED**.

**FINALLY, IT IS ORDERED** that defendant's motion for a *Santiago* proffer is deferred to Judge Pepper (Docket # 22).

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 27th day of January, 2017.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge